### In re JONES et al.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

TRUSTS — ACCOUNTING OF TRUSTEE — PAYMENT BY TRUSTEE OF MONEY NOT ARISING FROM TRUST-ESTATE.

　A trustee, called upon to account for the income of the trust fund, cannot claim as a credit payments to the *cestui que trust*, made by him in another capacity, of money not arising from the trust-estate.[1]

Appeal from surrogate's court, New York county.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*Samuel Jones*, for appellants. *John S. Davenport*, for respondent.

BARTLETT, J. Oliver L. Jones and John Lyon Gardiner are trustees for Martha Louise Rutherfurd, under the will of Oliver H. Jones, deceased. They hold in trust a fund of about $25,000, the income of which they are required to pay to the beneficiary in quarterly payments. Being called upon to account in the surrogate's court, the matter was referred to a referee, before whom the trustees accounted for the income of the trust from October 20, 1877, to January 31, 1884. The accounting did not relate in any manner to the principal. By the decree of the surrogate, modifying to some extent the report of the referee, the trustees were charged with $4,674.08 as a balance of income

---

[1] Set-off arises only between independent debts, mutually due, between the same parties. In re Insurance Co., 22 Fed. Rep. 200.

In an action by an administrator to recover rent due under a lease executed by him, a claim against his decedent's estate cannot be set off. Harris' Admr v. Taylor, (Conn.) 2 Atl. Rep. 749.

In an action by an administrator of a deceased partner to obtain an accounting and settlement of the partnership affairs, amounts drawn from the firm by the deceased partner may be proved, and allowed as an offset, although such amounts have not been presented to and allowed by the administrator and judge in probate. Manuel v. Escolle, (Cal.) 3 Pac. Rep. 411.

due from them to Mrs. Rutherfurd; and from this decree the trustees have appealed. They complain that they have not been credited with certain payments made by Oliver L. Jones to Mrs. Rutherfurd between October, 1877, and November, 1880, inclusive. These payments appear to have been made, not on account of the trust fund at all, but on account of the rents of real estate, of which Mr. Jones had the charge, and in which Mrs. Rutherfurd had an interest. In making them, Mr. Jones was not acting as trustee, but in a different relation. His demand to be credited with the payments is, therefore, a personal claim in his own behalf, which he cannot set off against his indebtedness as trustee on his accounting in the latter capacity in the surrogate's court. *In re Livingston*, 27 Hun, 607; *Stilwell* v. *Carpenter*, 59 N. Y. 414, 425. We think the surrogate correctly held that this individual claim of Mr. Jones against the balance of income in his hands as trustee was a claim of set-off between parties in different rights, which could not be allowed in the present proceeding. For this reason, without passing upon the other points considered in the surrogate's opinion, the decree appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concur.